UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ADRIAN TORRES,<br><br>                    Plaintiff,<br>    v.<br><br>UNIVERSAL MUSIC GROUP N.V. and<br>UNIVERSAL CITY STUDIOS LLC,<br><br>                    Defendants. | **ORDER TO SHOW CAUSE**<br><br>24-CV-3885 (HG) (SJB) |

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff John Adrian Torres commenced this *pro se* action against Defendants pursuant to the Anti-Cybersquatting Consumer Protection Act ("ACPA"). ECF No. 1 (Complaint). Plaintiff paid the filing fee of $405 to commence this action. ECF No. 2 (Filing Fee Receipt). As set forth below, Plaintiff is directed to show cause in writing by July 11, 2024, why this action should not be transferred to the United States District Court for the Southern District of New York.

      Plaintiff's complaint fails to establish that venue is proper in the Eastern District of New York. A claim under the ACPA may be filed against purported violators of the Act ("in personam") or against the domain names themselves, if in personam jurisdiction is not available. *See Standing Stone Media, Inc. v. Indiancountrytoday.com*, 193 F. Supp. 2d 528, 532 (N.D.N.Y. 2002).[1] Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

---

[1]     Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also Standing Stone Media, Inc.*, 193 F. Supp. 2d at 528 (transferring ACPA action pursuant to §1406(a)); *Pisani v. Diener*, No. 07-cv-5118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (transferring case when plaintiff resided in the Eastern District of New York but no defendants resided in the Eastern District of New York and the alleged actions that gave rise to plaintiff's claims did not take place in the Eastern District of New York).

Although Plaintiff states that the Court "has personal jurisdiction over Defendants" because "[b]oth defendants maintain their corporate headquarters and principal places of business within the Eastern District of New York," Plaintiff proceeds to assert that both Defendants are headquartered at addresses in Manhattan (*i.e.,* locations in New York County). ECF No. 1 at 2–3, 8.[2] New York County is in the Southern District of New York, not the Eastern District of New York. *See* 28 U.S.C. § 112(b).[3] On the face of Plaintiff's complaint it appears that both Defendants are located in the Southern District of New York and Plaintiff does not allege that the events or omissions giving rise to his claim occurred in the Eastern District of New York. Accordingly, it appears that venue for this action is not proper in the Eastern District of New York, but that venue would be proper in the Southern District of New York. In the interests of justice, and in lieu of dismissing Plaintiff's claim, the Court is inclined to transfer this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1406(a).

---

[2]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[3]     "The Southern District of New York comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan and Westchester." 28 U.S.C. § 112(b)

## **CONCLUSION**

For the reasons stated above, Plaintiff is ordered to show cause in writing by July 11, 2024, why this action should not be transferred to the United States District Court for the Southern District of New York.  If Plaintiff fails to show cause within the time allowed, the Court will direct the Clerk of Court to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order to Show Cause would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to mail a copy of this Order to Show Cause to the *pro se* Plaintiff and to note service on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       June 20, 2024

3